## JEHU EVANS v. JOHN EVANS.

Court of Common Pleas.   November, 1795.

*Wilson's Red Book, 83.*

*Ridgely* for plaintiff urged that plaintiff had a special property in [the] Negro, for he has the guardianship of a joint legatee; and as special property is sufficient in replevin, 2 Esp.N.P. 11, that defendant has no right to the property without the assent of plaintiff, and if he has a right he must take it by due course of law.

*Wilson* for defendant. The assent is not necessary where there is a sufficiency of assets, 2 Body Laws 87, 1 Esp.N.P. 86. But at any rate, that question only can arise when a legacy is sued for. Here the plaintiff, by passing a final account and acknowledging a balance in defendant's favor and therein craving a credit for defendant's share in this Negro, when he had become our guardian, he really held this property as guardian, and then assent is not necessary. But it was plaintiff's duty to have rendered an account of his guardianship and delivered up the property, for by the terms even of the bond the guardianship has expired. It is sufficient for defendant to show property in less, 2 Morg.V.M. 84.

BASSETT, C. J. *Non cepit* does not confine the taking to the place in the declaration unless defendant shows a taking elsewhere, 2 Esp.N.P. 12. Legatee may bring trover or replevin against a stranger for a legacy given, 5 Bac.Abr.; but a legatee ought in this case to prove a demand of a legacy. Only account will lie by a joint owner of personal property. I am of opinion that the property did not vest in the guardian from the date of the guardian bonds, because the Negro could not be divided, for the possession was not delivered to all the three minors, for he could not come at him unless he could be cut up!!!! [1]

---

[1] Wilson's punctuation.